1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUJAHID IBN BURNEY III,

      Plaintiff,                   No. CIV S-05-1849 FCD EFB P

      vs.

JEAN WOODFORD, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

                             /

      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. The case is currently before the court on the motion of all defendants to dismiss for failure to state a claim.

      Plaintiff alleges in his complaint that he is an Orthodox Muslim who is being deprived of the certified halaal diet required by his faith. Plaintiff names Jean Woodford, Director of Corrections for the California Department of Corrections and Rehabilitation; Scott Kernan, Warden of California State Prison, Sacramento (CSP-Sacramento); Ellen Grant, Associate Warden of Services, CSP-Sacramento; and William Haythorne, Correctional Food Manager 1, CSP-Sacramento, as defendants. Plaintiff seeks injunctive relief.

/////
/////

1  **I.      Legal Standard for Motion to Dismiss Under Fed. R. Civ. 12(b)(6)**

2          A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt
3  that plaintiff cannot prove any set of facts consistent with his allegations which would entitle
4  him to relief.  *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Hishon v. King & Spalding*,
5  467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46  (1957), *Cervantes v. City of*
6  *San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993)).  Dismissal of the complaint, or any claim
7  within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts
8  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699
9  (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.
10  1984).

11         In considering a motion to dismiss, the court must accept as true the allegations of the
12  complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976),
13  construe the pleading in the light most favorable to the party opposing the motion and resolve all
14  doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S.
15  869 (1969).  The court will "'presume that general allegations embrace those specific facts that
16  are necessary to support the claim.'" *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of*
17  *Wildlife*, 504 U.S.555, 561 (1992)).  Moreover, pro se pleadings are held to a less stringent
18  standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A motion
19  to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that
20  plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *See*
21  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46,
22  (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.
23  1981).

24        The court may consider facts established by exhibits attached to the complaint. *Durning*
25  *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Moreover, the court may disregard
26  allegations in the complaint if they are contradicted by facts established by exhibits attached to

the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations that contradict facts which may be judicially noticed. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981). The court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987).

**II.    Analysis**

Defendants first argues that plaintiff fails to state a claim against defendant Grant. Plaintiff claims that, in response to a form 602 appeal that he filed regarding his needs for certified halaal foods, defendant Grant issued him a "chrono"[1] for "alternative entrees" in lieu of the regular prison diet. Plaintiff alleges that this partial grant of his appeal "only glossed over the surface of the problem, and in fact caused additional problems." Compl. at 2. Defendants argue that plaintiff has not alleged that defendant Grant made any decision or took any action that deprived him of any constitutional right, that defendant Grant refused him a diet that accords with his religious beliefs, or interfered with his ability to obtain religiously acceptable food.

The Ninth Circuit has held that "inmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *Ward v.*

---

[1] A chrono is "a CDC Form 128-B (Rev. 4–74) which is used to document information about inmates and inmate behavior. Such information may include, but is not limited to, documentation of enemies, records of disciplinary or classification matters, pay reductions or inability to satisfactorily perform a job, refusal to comply with grooming standards, removal from a program, records of parole or social service matters." California Code of Regulations, Title 15 § 3000.

*Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (quoting *McElyea*, 833 F.2d at 198, *cert. denied*, 510 U.S. 1192 (1994)).  At the same time, "the prison has a legitimate interest in running a simplified food service, rather than one that gives rise to many administrative difficulties."  *Ward*, 1 F.3d at 877.  In analyzing a religious freedom claim, a court also must recognize that "requiring a believer to defile himself" by eating food that is forbidden by his religion "is different from (and more serious than) curtailing various ways of expressing beliefs for which alternatives are available."  *Ashelman v. Wawrzaszek*, 111 F.3d 674, 677 (9th Cir. 1997) (citing *Ward*, 1 F.3d at 878).

Plaintiff alleges that, through the appeals process, he made defendant Grant, Associate Warden at CSP-Sacramento, aware of his religious dietary restrictions and that in response, defendant Grant supplied him with a chrono for alternative meals that are also unacceptable under his dietary restrictions.  Under *Walsh*, *supra*, plaintiff has stated a claim against defendant Grant.

Defendants assert next that plaintiff has failed to state a claim against defendant Haythorne, Correctional Food Manager 1.  Plaintiff claims that defendant Haythorne "(with no knowledge of Islam) photocopied a page from the 'Noble Qur'an' in an attempt to tell plaintiff what his beliefs were."  Put simply, plaintiff alleges that defendant Haythorne was aware of plaintiff's requests for a diet comporting with his religious beliefs and failed to afford plaintiff his right to be provided with food satisfying the dietary laws of his religion.  *See Ward*, 1 F.3d at 877.  Plaintiff has stated a claim against defendant Haythorne.

Defendants finally assert that plaintiff has failed to state a claim against defendants Kernan and Woodford, arguing that § 1983 provides no basis for supervisorial liability against persons who do not participate in a civil rights violation, citing *Palmer*, 9 F.3d at 1437-38.  Plaintiff alleges that his inability to obtain a sufficient diet in comportment with the dietary laws of his religion is a result of the "authority" of "the two individuals who are policy makers," specifically, defendant Director of Corrections, Jean Woodford, and defendant Warden Scott

1  Kernan.  Compl. at 4.  It is not necessary to allege the personal involvement of a state official
2  when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the
3  job duties of the named defendant.  All that is required is that the complaint name an official who
4  could appropriately respond to a court order on injunctive relief should one ever be issued.
5  *Harrington v. Grayson*, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); *Malik v. Tanner*, 697 F.
6  Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to
7  monetary relief, may be made on a theory of *respondeat superior* in a § 1983 action."); *Fox
8  Valley Reproductive Health Care v. Arft*, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  *See also,
9  Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985) (permitting an injunctive relief suit to
10 continue against an official's successors despite objection that the successors had not personally
11 engaged in the same practice that had led to the suit).  However, because a suit against an official
12 in his or her official capacity is a suit against the state, a policy or procedure of the state must be
13 at issue in a claim for official capacity injunctive relief.  *Haber v. Melo*, 502 U.S. 21, 25 (1991).
14 Plaintiff's allegations place state policy and procedure at issue in his claim for injunctive relief.
15 Plaintiff has therefore stated a claim against defendants Woodford and Kernan, and their
16 successors.

17      Accordingly, it is hereby RECOMMENDED that defendants' June 26, 2006, motion to
18 dismiss be denied.

19      These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after
21 being served with these findings and recommendations, any party may file written objections with
22 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
24 ////
25 ////
26 ////

specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   March 27, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE