IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUJAHID IBN BURNEY III,

    Plaintiff,                            No. CIV S-05-1849 FCD EFB P

    vs.

JEAN WOODFORD, et al.,

    Defendants.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to provide him with a diet that provides adequate nutrition and conforms to his Muslim beliefs. Defendants Jean Woodford, the former Director of Corrections for the California Department of Corrections and Rehabilitation ("CDCR"); Scott Kernan, Warden of California State Prison, Sacramento (CSP-Sacramento); Ellen Grant, Associate Warden of Services at CSP-Sacramento; and William Haythorne, Correctional Food Manager 1 at CSP-Sacramento, move for summary judgment on plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the court recommends that summary judgment be granted in favor of all defendants on plaintiff's damages claim, that summary judgment be granted in favor of defendants Haythorne,

1

Kernan, and Grant on plaintiff's injunctive relief claim, and that summary judgment be denied as to defendant Woodford on plaintiff's injunctive relief claim.

## I. Factual Background

From June 1999 until February 2006, plaintiff was housed at CSP-Sacramento. Defs.' Stmt. of Undisp. Facts ("SUF") ¶¶ 1-2. In February 2006, he was transferred to California State Prison-Calipatria. SUF ¶ 1.

On June 30, 2004, plaintiff filed an administrative appeal requesting that he be provided with certified halal foods, as required by his Muslim faith. SUF ¶ 4. In response to his appeal, defendant Grant issued plaintiff a chrono allowing him to obtain an "alternative entrees" diet. SUF ¶ 5. Plaintiff challenged this disposition of his appeal, contending that the alternative diet with which he was provided did not comport with his religious requirements. SUF ¶ 8. On September 14, 2005, plaintiff filed this action for damages and injunctive relief.

## II. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material

facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

Focus on where the burden of proof lies as to the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

1  dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.  It is sufficient that
2  "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
3  versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

4  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the
5  proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587
6  (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  However, the
7  opposing party must demonstrate with adequate evidence a genuine issue for trial.
8  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989).   The opposing party must do
9  so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence
10  presented." *Anderson*, 477 U.S. at 248, 252.  If the evidence presented could not support a
11  judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex*, 477 U.S. at 323.

12  In resolving a summary judgment motion, the court examines the pleadings, depositions,
13  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R.
14  Civ. P. 56(c).  The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at
15  255.  All reasonable inferences that may be drawn from the facts placed before the court must be
16  drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587.  Nevertheless, inferences
17  are not drawn out of the air, and it is the opposing party's obligation to produce a factual
18  predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.
19  Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to
20  demonstrate a genuine issue, the opposing party "must do more than simply show that there is
21  some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could
22  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
23  trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

24  On January 27, 2006, the court advised plaintiff of the requirements for opposing a
25  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154
26  F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*

4

*Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**III.   Analysis**

    **A.   Plaintiff's Damages Claim**

Defendants move for summary judgment on plaintiff's claims for damages and injunctive relief. Defs.' Mot. for Summ. J. In his opposition to defendants' motion, plaintiff states that he "is no longer seeking monetary damages." Pl.'s Opp'n at 9. Accordingly, summary judgment should be granted for all defendants on plaintiff's damages claim.[1]

    **B.   Plaintiff's Injunctive Relief Claim**

        **1.   Mootness**

Defendants Grant, Haythorne, and Kernan move for summary judgment on plaintiff's injunctive relief claim, arguing it is moot now that plaintiff is no longer housed at CSP-Sacramento (and now that neither Grant nor Kernan works at CSP-Sacramento).[2] Defs.' Mot. for Summ. J. at 7. Defendants further contend that plaintiff cannot satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine "because he cannot show a reasonable likelihood that he will be transferred back to CSP-Sac, or that, if he were transferred back to CSP-Sac and the alleged pattern of civil rights violations were to resume, they would be too short in duration to be fully litigated before cessation." *Id.*

Plaintiff argues his claim for injunctive relief is not moot because his "lawsuit came about because of the denial of Plaintiff's right to practice his religion, in the matter of the obligation to eat Halal food, and since these violations persist, due to the fact that the policy is

---

[1] Defendants also argue they are entitled to qualified immunity on plaintiff's damages claim. However, because the court finds that summary judgment should be granted on plaintiff's damages claim on alternative grounds, this argument need not be addressed.

[2] Defendants Grant and Kernan also move for summary judgment on plaintiff's injunctive relief claim on the ground that they did not personally violate plaintiff's rights and are not policymakers who are responsible for the conditions of which plaintiff complains. However, because the court finds that plaintiff's injunctive relief claims against those defendants are moot, their alternative argument need not be addressed.

1  still the same, Plaintiff's claim for injunctive relief can not be moot." Pl.'s Opp'n at 8.  Plaintiff
2  also asserts that his suit "is seeking [an] injunction to force CDC&R to feed the entire Muslim
3  prison population, not just plaintiff alone." *Id*. at 7.

4  Because plaintiff is no longer housed at CSP-Sacramento, defendants Grant, Haythorne,
5  and Kernan are no longer able to provide plaintiff with the relief he requests; therefore,
6  plaintiff's claim for injunctive relief against those defendants is moot. *Nelson v. Heiss*, 271 F.3d
7  891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will
8  usually become moot as to conditions at that particular facility. . . . We, therefore, agree that
9  Nelson's action for injunctive relief against the Calipatria officials . . . has become moot.  But he
10 has also asserted a claim against Gomez, who was the Director of the Department of Corrections,
11 and, as the complaint alleges, set policy for the whole California prison system.  The trust
12 account policy appears to be system wide.  [Therefore,] Nelson's request for injunctive relief
13 against the Director of the Department of Corrections should not have been rejected out of hand
14 on a [Rule] 12(b)(6) motion."); *Thompson v. Williams*, 2007 WL 3244666, at *24 n.7 (W.D.
15 Wash. Oct. 31, 2007) ("[T]here is no evidence to indicate any of the named defendants have the
16 power or authority to grant his request that they '[i]mmediately' arrange for him to be provided
17 with a Halal diet").

18 Plaintiff's claims do not fall under the "capable of repetition, yet evading review"
19 exception to the mootness doctrine as to defendants Grant, Haythorne, and Kernan because he
20 has not shown that he is reasonably likely to be transferred back to CSP-Sacramento, or that, if
21 he were transferred back to CSP-Sacramento and the alleged civil rights violations were to
22 resume, they would be too short in duration to be fully litigated before cessation. *Spencer v.*
23 *Kemna*, 523 U.S. 1, 17 (1998) ("[T]he capable-of-repetition doctrine applies only in exceptional
24 situations, . . . where the following two circumstances [are] simultaneously present: (1) the
25 challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,
26 and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to

the same action again.") (internal quotation marks omitted).

Moreover, although plaintiff argues his claim for injunctive relief is not moot because he seeks an injunction on behalf of all Muslim inmates in California, this case is not a class action, and plaintiff does not have the authority to seek an injunction on their behalf. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (stating that a party must assert his own rights, not those of third parties)(citing *Duke Power Co. v. Carolina Env'tal Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"); *see also Swygert v. Veal*, 2008 WL 724193, at *3 (E.D. Cal. Mar. 17, 2008) ("It is well established that a layperson cannot ordinarily represent the interests of a class. . . . This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.").

Therefore, summary judgment must be granted in favor of defendants Grant, Haythorne, and Kernan on plaintiff's claim for injunctive relief.

Defendant Woodford does not argue that plaintiff's injunctive relief claim is moot. Instead, she states that she is no longer the Secretary of CDCR and that the current Secretary, James Tilton, should be substituted in this action in her place. Defs.' Mot. for Summ. J. at 7; SUF ¶¶ 19, 20. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), James Tilton is substituted in this action for defendant Woodford.[3] *See Nelson v. Heiss*, 271 F.3d 891, 897 n.8

---

[3] Even if defendant Woodford were to argue that the injunctive relief claims against her are moot, summary judgment would appear inappropriate on this ground because plaintiff asserts that defendant Woodford (now defendant Tilton), as the Secretary of CDCR, is responsible for all procedures implemented at California prisons, and plaintiff declares he is still being denied Halal food at CSP-Calipatria. Pl.'s Opp'n at 7, 8, 21-22 (stating that the "violations persist" and that "the policy is still the same"). Defendant Woodford has not presented any evidence to the contrary (nor has she argued that plaintiff failed to exhaust this claim at CSP-Calipatria).

(9th Cir. 2001).

### 2. **Personal Involvement**

Defendant Woodford argues she is entitled to summary judgment because she was not personally involved in the actions that allegedly violated plaintiff's constitutional rights. Defs.' Mot. for Summ. J. at 5. She argues that her alleged lack of personal participation shields her from an award of *monetary damages*, but she does not contend she is entitled to summary judgment on plaintiff's *injunctive relief* claim on this ground. *See* Defs.' Mot. for Summ. J. at 5 ("To be individually liable *for damages* under § 1983, each Defendant must have personally participated in the act alleged to have violated [plaintiff's] constitutional rights.") (emphasis added). Each must be addressed separately. Plaintiff has already conceded that he no longer seeks monetary damages, and any such claims as to Woodford must be dismissed. However, official capacity claims against Woodford for injunctive relief are subject to a different analysis. As a threshold matter, Woodford is no longer the Secretary of CDCR , and injunctive relief as to her is now moot. As addressed *supra*, however, James Tilton has been substituted in this action for defendant Woodford and the issue is now whether a claim for injunctive relief may proceed as against Tilton.

For claims seeking injunctive relief in which a state practice, policy, or procedure is attacked on federal grounds, it is not necessary to allege the personal involvement of a state official if the practice, policy, or procedure relates in some way to the job duties of the named defendant. *Ryles v. Felker*, 2008 WL 1901231, at *3 (E.D. Cal. Apr. 28, 2008). "All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued." *Id.*; *see also Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985) (permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit). Here, plaintiff named Woodford as an official who could respond to court ordered injunctive relief. Tilton, as successor to the position held by Woodford, has been substituted in

8

place of Woodford and the claim for injunctive relief proceeds as to Secretary Tilton.  As defendants point out, Secretary Tilton is not the official who could appropriately respond to a court order for injunctive relief.  SUF ¶ 20.

**IV.     Plaintiff's Motion for Summary Judgment**

In plaintiff's opposition to defendants' motion for summary judgment, plaintiff also moves for summary judgment.  Pl.'s Opp'n at 11-12.  Defendants have not responded to plaintiff's motion.[4]  Local Rule 78-230(m) provides in pertinent part: "Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Accordingly, it is hereby ORDERED that within ten (10) days of the date this order is filed, defendants shall file either an opposition or a statement of non-opposition to plaintiff's motion.  As further provided by Local Rule 78-230(m), plaintiff "may, not more than five (5) court days after the opposition is served, plus three (3) days for mailing or electronic service, serve and file a reply to the opposition."

Additionally, as stated above, it is hereby ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 25(d), James Tilton, Secretary of the CDCR, is substituted in this action as a defendant, in his official capacity, in the place of defendant Jean Woodford, and

2. The Clerk is directed to modify the court's docket of this case to show that CDCR Secretary James Tilton has been substituted in as a defendant in his official capacity.

Further, it is RECOMMENDED that:

1. Defendants Grant, Hawthorne, and Kernan's motion for summary judgment be granted and judgment entered in their favor;

////

---

[4] Defendants also did not file a reply to plaintiff's opposition to their motion for summary judgment.

2. Defendant Woodford's (now Tilton's) motion for summary judgment on plaintiff's damages claim be granted; and

3. Defendant Woodford's (now Tilton's) motion for summary judgment on plaintiff's injunctive relief claim be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE