IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUJAHID IBN BURNEY, III,

      Plaintiff,                              No. CIV S-05-1849 FCD EFB P

    vs.

JEAN WOODFORD, et al.,

      Defendants.                    ORDER AND ORDER TO SHOW CAUSE

_____/

       Plaintiff is a prisoner, proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983. On March 10, 2010, the court issued an order staying this action for 120 days to allow the parties to mediate. Dckt. No. 47. The court further ordered that at the end of the 120 days, the parties shall either request that the court lift the stay because the parties did not settle, or alternatively, notify the court that the case has settled. *Id.* On July 19, 2010, defendant informed the court that the parties did not mediate because plaintiff was paroled to Missouri on April 8, 2010. Dckt. No. 48. Defendant therefore requested that the court lift the stay and dismiss the case on the ground of mootness. *Id.*

       This action proceeds on plaintiff's claim for injunctive relief to receive Halal foods, against the Secretary of the California Department of Corrections and Rehabilitation. Dckt. Nos. 38, 42. It appears that plaintiff's parole has mooted his claim for injunctive relief. *See Nelson*

*v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.")

Accordingly, IT IS HEREBY ORDERED that:

1. The stay in this action is lifted; and

2. Within twenty-one days of the date of this order, plaintiff shall show cause why this action should not be dismissed as moot.[1]

DATED: August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The court notes, however, that defendant served his status report at a new address for plaintiff. Although it is plaintiff's responsibility to inform the court of his current address, the court, in an abundance of caution, directs the Clerk of the Court to serve this order at the new address for plaintiff (Muhahid Ibn Burney, III, 3111 Swope Parkway, Kansas City, MO, 64130), in addition to the address reflected on the docket. *See* Dckt. No. 48-2.

2